COUNCIL OF ADMINISTRATION OF YAUCO, PLAINTIFF AND APPELLANT *v.* MUNICIPAL ASSEMBLY OF YAUCO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Certiorari Proceedings.—Motion for Dismissal of Appeal.

No. 2852.—Decided January 19, 1923.

MUNICIPALITIES—LEAVE OF ABSENCE—APPEAL—ACADEMIC QUESTION.—The question at issue being whether the Municipal Assembly of Yauco has authority to grant the commissioner of charities leave to absent himself from the Island, the decision of that question on appeal can serve no practical purpose when the said commissioner has made use of the leave of absence and has again taken possession of his office; therefore, the appeal must be dismissed.

The facts are stated in the opinion.
*Mr. C. del Toro Fernández* for the appellant.
*Messrs. C. Brunet* and *T. Paz Ruiz* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

We are asked to dismiss this appeal because its decision would serve no practical purpose.

The Council of Administration of Yauco refused to grant the commissioner of charities leave to absent himself from the Island, but later it was granted by the municipal assembly. Thereupon the council of administration presented a petition for a writ of certiorari to the District Court of Ponce praying for the annulment of that resolution of the municipal assembly and alleging that the assembly is not authorized to grant such leave of absence because that power is vested in the council of administration. The court issued the writ, but vacated it after hearing the parties, whereupon the present appeal was taken.

In support of its motion for dismissal the appellee exhibits a certificate showing that the commissioner of charities has again taken possession of his office after the expiration of his leave of absence, but the appellant alleges that this fact does not destroy the practical purpose of the appeal because unless the court annuls the resolution of the municipal assembly granting the said leave of absence it would be illusory for the council of administration to prefer charges against the said commissioner for voluntary abandonment of office, inasmuch as the municipal assembly would not repudiate its own acts and would shield itself with the alleged validity of its resolution, and because consent to the invasion of the private powers of the council of administration by the municipal assembly would create discord between the two bodies and encourage the indiscipline of their officials.

It is possible that all of the annoyances foreseen by the appellant may arise, but as the resolution whose validity is involved in this appeal has been complied with, it would serve no practical purpose for this court to decide that the municipal assembly had no authority to grant the leave of absence after the commissioner had made use of it and again taken charge of his office. If we should annul the resolution, that would not affect the fact that the commissioner has had the advantage of the leave of absence. As we held in the case

of *Bianchi* v. *Pierazzi et al.*, 25 P. R. R. 587, courts do not sit for the purpose of laying down rules for the future conduct of individuals.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.